UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DEVON WILLIAMS, | No. 2:22-cv-01346-DJC-DB |
| Plaintiff, | |
| v. | ORDER |
| K. THOMPSON, | |
| Defendant. | |

After the present action was initially opened on July 29, 2022 (*see* ECF No. 1), Plaintiff did not take any action after filing the complaint.  On January 1, 2023, District Judge Troy L. Nunley issued an order ordering Plaintiff to show cause in writing why this action should not be dismissed based on Plaintiff's failure to serve Defendant.  (ECF No. 4.)  Plaintiff filed a response indicating an intent to file a motion to correct an error in the complaint.  (ECF No. 5.)  When no such motion was filed and service was still left uncompleted, Judge Nunley ordered the Plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute.  (ECF No. 6.)  Plaintiff filed a Motion to Change Filing Date (ECF No. 7) but this was denied for failure to show good cause and Judge Nunley again ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute (ECF No. 8).  A summons was thereafter returned executed as to Defendant (ECF No. 10) but Defendant filed a motion to dismiss on April 3, 2023, stating that the service of the summons and

1

1 | complaint was not valid as the executed summons only indicated that Plaintiff left a
2 | copy of the summons and complaint with "Susan at the Placer County Sheriff Office"
3 | with no indication that Susan was an authorized agent (ECF Nos. 11, 11-1).  Plaintiff
4 | did not file an opposition to Defendant's motion.

On October 3, 2023, the undersigned issued an order directing Plaintiff to show cause in writing why Plaintiff's failure to file an opposition should not be considered non-opposition to granting the motion and why this action should not be dismissed for failure to prosecute. (ECF No. 15.)  Plaintiff filed a response on October 10, 2023, in which he suggested Defendant should be deemed served even though Plaintiff admits that Defendant has not been personally served.  (ECF No. 16.)  Plaintiff still has not filed an opposition to Defendant's motion.

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case."  *Bautista v. L.A. Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).  District courts must weigh the following factors in determining whether to dismiss an action for failure to prosecute or failure to comply with court orders: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61).

**1.     Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan*, 291 F.3d at 642.  This case has been pending since July 29, 2022.  (*See* ECF No. 1.)  Since that time, this action has not moved past the service stage.  Despite that fact, this action has remained open and unresolved with effectively no change in status for well over a year.  Plaintiff's filing of executed summons on March 23, 2023, might be an attempt to move this case forward but this attempt at

service occurred well after the deadline to do so.  *See* Fed. R. Civ. P. 4(m).  The alleged service was also clearly deficient as the executed summons fails to establish that Defendant, someone residing at Defendant's residence, or Defendant's authorized agent was served or that Defendant was properly served under California law or any other applicable state law.  *See* Fed. R. Civ. P. 4(e).  Thus, this action has been pending for over a year with no indication that it can or will proceed any further.  Plaintiff's further failure to oppose or file any response to Defendant's Motion to Dismiss is further evidence that the public's interest in expeditious resolution of litigation will not be served absent dismissal of this action for failure to prosecute.  Accordingly, this factor strongly favors dismissal.

**2.     Court's Need to Manage Its Docket**

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642.  Between the undersigned and District Judge Nunley, who was previously assigned to this case, judges in this action have been forced to issue four orders to show cause in a docket that is exceedingly short.  (*See* ECF Nos. 4, 6, 8, 15.)  Each of these orders was necessitated by the failure of Plaintiff to take any action to move this action forward.  For example, the first order to show cause was issued nearly six months after this action was originally filed as, in that time, Plaintiff had failed to serve the Defendants or filed a motion in this action.  (*See* ECF No. 4.)  The Court has been forced to continually order Plaintiff to take any action in order to resolve this matter to no avail.  As such, this factor weighs strongly in favor of dismissal.

**3.     Risk of Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal*

*Service*, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*

Here, the prejudice to the Defendant in this matter is plain on its face.  Despite never having been properly served with summons in this action, Defendant is forced to seek dismissal of this action eight months after it was originally filed.  Extensive delays in proper service of an action have also previously been held as clearly prejudicial.  *See Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976).  Thus, this factor also weighs in favor of dismissal.

### 4. Availability of Less Drastic Alternatives

A court must consider the impact of the dismissal and the adequacy of less drastic sanctions before dismissing a case or claim.  *Malone*, 833 F.2d at 131–32.  As noted above, the Court has made numerous attempts to resolve this action without resorting to dismissal and sought to give Plaintiff an opportunity to show why the Court should take any alternative action.  (*See* ECF Nos. 4, 6, 8, 15.)  The fact that the Court has repeatedly given Plaintiff every chance to move this action forward without dismissal shows that no other less drastic alternatives were available.  *Malone*, 833 F.2d at 132.  This action cannot proceed forward without Defendant being properly served.  Thus, this factor weighs strongly in favor of dismissal.  *Id.*

### 5. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors the disposition of cases on the merits.  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *Pagtalunan*, 291 F.3d at 643.  Thus, this factor weighs against dismissal.

### CONCLUSION

Four of the five factors described above weigh strongly in favor of dismissal and the factors in favor of dismissal outweigh the general public policy favoring disposition on the merits.  *See Ferdik*, 963 F.2d at 1263 (finding that the public policy favoring disposition on the merits plus an additional factor opposing dismissal was insufficient to overcome three other factors strongly favoring dismissal).

Accordingly and for the reasons set forth above, IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).  Defendant's Motion to Dismiss (ECF No. 11) is DENIED AS MOOT.  The Clerk of the Court is directed to close this case.  This order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **January 2, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – williams22cv01346.dism